# September Term, 1920

No. 9691.

MARTIN *v.* UNION PACIFIC RAILROAD COMPANY.

Decided July 6, 1920.   Rehearing denied October 4, 1920.

Action by a shipper against a common carrier for damages alleged to have resulted from delay in delivery of livestock. A general demurrer to the complaint was sustained. *Reversed.*

1. PLEADING—*Partnership.* A complaint alleging an association of companies as common carriers is not insufficient because allegations concerning the agreement between the companies do not show a partnership, when there is no claim that they were partners.

2. CONTRACT—*Common Carriers—Joint Obligation.* A complaint alleged that two companies were associated together with another for transporting freight as common carriers; that plaintiff entered into an agreement with the association which made the act of one, the act of all. *Held,* that a breach of the contract, whether occurring upon one line or the other, is a breach to which both companies are parties and is a joint obligation. The fact that the suit might have been brought against the initial carrier is immaterial.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. H. A. HICKS, Mr. J. G. SCHWEIGERT, Mr. JOHN L. SCHWEIGERT, for plaintiff in error.

Mr. THOMAS R. WOODROW, Mr. C. C. DORSEY, Mr. R. L. STEARNS, Mr. EDWARD G. KNOWLES, for defendant in error.

174

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error brought suit against defendant in error for damages alleged to have resulted from delay in the delivery of two carloads of hogs, shipped by plaintiff from Blackfoot, Idaho, over the line of the Oregon Short Line Railroad Company, and that of the defendant in error. A general demurrer to the complaint was sustained; and the plaintiff, having elected to stand upon his complaint, brings the case here for review.

The complaint alleges, among other things, that the said two railroad companies were: "Associated together for the purpose of carrying and transporting livestock freight as common carriers, and which said association, together with another railroad company, constituted and was known as the Union Pacific Railroad System; that each of said associate members of said system was fully authorized to enter into contracts for the shipment of livestock freight over said system, and that there was a contractual understanding and agreement between the constituent companies of the said the Union Pacific Railroad System respecting through livestock freight shipments originating on one of said railroad lines and carried in part thereon, and carried in part and terminated on another of said railroad lines; and that each of the constitutent companies of said system was empowered to enter into a through livestock freight contract with the shipper on behalf of all of said constituent companies."

Attached to and made a part of the complaint is a livestock contract which is headed:

"UNION PACIFIC SYSTEM
Union Pacific Railroad Company.
Oregon Short Line Railroad Company.
Oregon-Washington Railroad & Navigation Company."

The only grounds upon which it is contended that the complaint is insufficient which require consideration are

that the allegations concerning the agreement between the two companies do not show a partnership; and, further, that said agreement requires them to do only what they would be bound to do under the law.

As to the first matter, there is no claim that the companies are partners in any sense. The second ground, if true, affords no reason for the sustaining of the demurrer. The allegation is that the parties have entered into such an *agreement* as makes the act of one the act of the other. That being so, the contract entered into in the name of the initial line is also the contract of the defendant in error. A breach of that contract, whether occurring upon one line or the other, is a breach of the contract to which both companies are a party. It is a joint obligation. The fact that suit might have been brought against the initial carrier had no bearing on the case.

The complaint states a cause of action against the defendant and the sustaining of the demurrer was error, for which reason the judgment is reversed.

Mr. Justice Allen and Mr. Justice Burke concur.